UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| NICK J. MARTIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Cause No. 1:20-CV-356-HAB |
| | ) |
| COCA COLA CONSOLIDATED, INC., et al., | ) |
| | ) |
| Defendants. | ) |

**OPINION AND ORDER**

This is Plaintiff Nick J. Martin's ("Martin") second attempt in thirty days at filing a civil complaint against the various Defendants including Coca Cola (ECF No. 1). On September 16, 2020, Martin filed a nearly identical suit against nearly identical defendants but using a standard employment discrimination form. Additionally, as here, he requested leave to proceed in forma pauperis. *See Martin v. Herb*, Case No. 1:20-CV-323-HAB (ECF Nos. 1 and 2).

As it was obligated to do, this Court screened Martin's request to proceed in forma pauperis and granted that request as he met the indigency qualifications. The Complaint, however, was not so fortunate as to pass the Court's substantive screening muster. For instance, the Court correctly labeled it "incomprehensible," noting that "[n]ot even an imaginative reader could identify what Martin might be claiming." (*Martin*, 1:20-CV-323 at 2). From what the Court could recognize, Martin sought the fantastical sum of 1.2 quadrillion dollars in compensation for wrongs that are more than a decade old. Ultimately, the Court concluded that "there is nothing in the Complaint that leads the Court to believe that this is, or could be, a meritorious action no matter the number of amendments" (ECF No. 3 at 3), and thus, the Court dismissed the Complaint with prejudice.

In round two, Martin has filed an equally frivolous and non-meritorious action against the same defendants, this time on the Court's Civil Complaint Form. On the form, he checks the box indicated that he has, in fact, sued for these exact same claims. Additionally, in the "Claims and Facts" section, Martin writes:

1. Contracts with Brother Express Inc, Fort Wayne City and Coca Cola May 07-1987 Investment I can't get no one to answer to what they have done

   Cynthia Hogan and Sherell Martin have John Doe Fingerprint and will not return them to Nick J Martin 1984 Police Brutality of 1984 could have use them to sue the state of New York

(ECF No. 1 at 2). In a ten-page handwritten exhibit to the Complaint (ECF No. 1-1), Martin resubmits his filings from the prior case. These are more ramblings of the genocide, kidnapping, ransoming, shackling and enslavement of Nick J. Martin. While certainly this exhibit is important to Martin, it is just as meaningless to the Court now as it was when he filed it in the last case.

If that were not enough, on page 5 of the Complaint, Martin submits what might be an attempt to file a pleading in a former case he filed in 2013 and which culminated in a bench trial before Magistrate Judge Susan Collins in 2018. *Martin v. Jones, et al.,* 1:13-CV-00016-SLC. Or not. The Court has no idea. Page 5 also mentions Case No. 1-20-CV-323 "granted of in forma pauperis of 09-16-2020 as to opinion and orders of contract of wages unpaid as of document of case 1-20 CV 323 and none payment of defendant." The Court cannot decipher what this means.

As this Court has previously advised Martin, district courts have an obligation under 28 U.S.C. § 1915(e)(2)(B) to screen complaints before service on the defendant and must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. Dismissal under the *in forma pauperis* statute is an exercise of the court's discretion. *Denton v. Hernandez*, 504 U.S. 25, 34 (1992). In determining whether the complaint states a claim, the court applies the same standard as when

2

addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal under federal pleading standards,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Thus, a "plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that might be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original).

Martin's latest lawsuit cannot proceed. The Complaint here is meaningless. As was the case with his last attempt filed in September 2020, his present attempt is unintelligible and unanswerable by any defendant named therein. Moreover, the current Complaint mentions several dates, both of which are in the 1980s[1] and would certainly suggest that any wrongs based on those events are time-barred. In short, an action is frivolous if there is no arguable basis for relief either in law or fact. *Denton v. Hernandez,* 504 U.S. 25, 31–32 (1992); *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). Martin's latest attempt to file suit is just that – lacking in an arguable basis for relief in law or fact.

Although it is usually necessary to permit a plaintiff the opportunity to file an amended complaint when a case is dismissed *sua sponte*, *see Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013), that is unnecessary where the amendment would be futile, *Hukic v. Aurora Loan Servs*.,

---

[1] While this Court was reviewing the Complaint and request to proceed in forma pauperis, Martin filed a supplement titled "Witnesses and Contributors and Charges" along with what appears to be a copy of a miscellaneous incident complaint. However, the resolution of the filed document is so poor, the Court cannot make heads or tails out of what Martin wants the document to communicate to the Court.

588 F.3d 420, 432 (7th Cir. 2009) ("[C]ourts have broad discretion to deny leave to amend where . . . the amendment would be futile."). Such is the case here.

Finally, Martin is at risk of being deemed a vexatious litigant in this Court. A docket review in the Northern District of Indiana shows that Martin has filed nine cases since 2009, the vast majority of which include at least one of the defendants listed in the present suit. Seven of these lawsuits have been dismissed by the Court prior to service on the defendants. He has also filed appeals in a number of the cases. "Abusers of the judicial process are not entitled to sue and appeal without paying the normal filing fees–indeed, are not entitled to sue and appeal, period. Abuses of process are not merely not to be subsidized; they are to be sanctioned." *Free v. United States*, 879 F.2d 1535, 1536 (7th Cir. 1989). "Federal courts have both the inherent power and constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions." *In re McDonald*, 489 U.S. 180, 185 n.8 (1989) (*quoting In re Martin-Trigona*, 737 F. 2d 1254, 1261 (2nd Cir. 1984)). A district judge has the power to enjoin frequent litigators from filing frivolous suits. *In re Chapman*, 328 F.3d 903, 905-06 (7th Cir. 2003). Martin has filed two such frivolous suits in this Court within thirty days of each other. Accordingly, for this and the other reasons articulated above, the Court:

(1) **DISMISSES** the Complaint **WITH PREJUDICE** (ECF No. 1) as frivolous and pursuant to 28 U.S.C. § 1915A because the Complaint does not state a claim;

(2) **DENIES** the Motion for Leave to Proceed in forma pauperis (ECF No. 2); and

(3) **CAUTIONS** Nick Martin that if he files another frivolous, incomprehensible, or malicious lawsuit, he may be fined, sanctioned, or have his filings restricted by the Court.

SO ORDERED on October 20, 2020.

    s/ *Holly A. Brady*
    JUDGE HOLLY A. BRADY
    UNITED STATES DISTRICT COURT

4